## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| ROYAL HAMPTON, et al., individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO. 2:18CV110 HEA |
| MAXWELL TRAILERS & PICK-UP ACCESSORIES, INC., et al. | ) ) ) | |
| Defendants. | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) [Doc. No. 34]. Defendant opposes the motion. For the reasons set forth below, the Motion will be granted.

## BACKGROUND

Plaintiffs Royal Hampton ("Hampton") and James Pierce (collectively, "Plaintiffs") allege that they were employed by Defendants Maxwell Trailers, Inc. ("Maxwell Trailer") and Ironstar Beds LLC ("Ironstar) (collectively, "Defendants") as hourly-paid welders. Plaintiffs filed a Complaint in this Court alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Missouri Minimum Wage Law, § 290.500 RSMo, *et seq.*

1

("MMWL").  Count I of the Complaint alleges that Defendants violated the

FLSA's overtime provisions by failing to pay workers one and one-half times their

regular rate of pay for all hours over 40 worked in a workweek.  In Count II,

Plaintiffs allege that Defendants violated the FLSA's non-retaliation provision by

reducing employees' hours in response to Hampton organizing a lawsuit.  Count

III, which advances state law claims, is not at issue here.  The Court denied

Defendants' motion to dismiss Count II and Maxwell Trailer's motion to dismiss it

as a party on August 9, 2019.

Plaintiffs purport to bring one FLSA putative collective action on behalf of

similarly situated hourly-paid workers relating to the overtime violations alleged in

Count I, and a second FLSA putative collective action on behalf of similarly

situated hourly-paid workers relating to the retaliation alleged in Count II.

## LEGAL STANDARD

Section 7 of the FLSA mandates that an employer may not subject non-

exempt employees to work a week in excess of forty hours, unless the employee is

compensated for his or her overtime with additional pay of at least one and one-

half times his or her regular hourly wage. 29 U.S.C. § 207.  The FLSA also makes

it unlawful "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is

about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). Collective actions under the overtime provisions of the FLSA and the retaliation provision of the FLSA may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); *Schmaltz v. O'Reilly Auto. Stores, Inc.,* No. 4:12-CV-1056 JAR, 2013 WL 943752, at \*2 (E.D. Mo. March 11, 2013).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated" for purposes of a collective action. *Littlefield v. Dealer Warranty Servs., LLC,* 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010). "The first step is the 'notice stage,' in which plaintiffs seek early conditional class certification and notify potential class members of the case." *Bilskey v. Bluff City Ice, Inc.,* No. 1:13-CV-62 SNLJ, 2014 WL 320568, at \*1 (E.D. Mo. Jan. 29, 2014) (quoting *Littlefield,* 679 F. Supp. 2d at 1016). The plaintiffs' burden at this stage is not an onerous one; instead, "'[c]onditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Littlefield,* 679 F. Supp. 2d at 1016 (quoting *Schleipfer v. Mitek*

*Corp.,* No. 1:06-CV-109 CDP, 2007 WL 2485007, at *3 (E.D. Mo. Aug. 29, 2007)). "Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence." *Bilskey,* 2014 WL 320568, at *2 (citation omitted). However, plaintiffs may not meet their burden through unsupported allegations of additional plaintiffs or widespread violations of the FLSA. *Id.* The Court does not reach the merits of the plaintiffs' claims or determine whether class members are actually similarly situated at this stage of the litigation. *Id.* If the Court conditionally certifies the class, the potential class members are given notice and an opportunity to opt-in. *Wilson v. PNK (River City), LLC,* No. 4:15-CV-380 AGF, 2015 WL 5098716, at *2 (E.D. Mo. Aug. 31, 2015).

The second step is the "merits stage" and occurs when the defendant moves to decertify the class, typically after the close of discovery. *Bilskey,* 2014 WL 230568, at *2. "Applying a stricter standard, the court at the second step makes a factual determination on the similarly situated question." *Wilson,* 2015 WL 5098716, at *2.

## DISCUSSION

Plaintiffs identify and define the putative class for Count I, referred to as the "FLSA Overtime Collective," as:

> All current and former hourly-paid, non-exempt workers (including but not limited to welders, finishers, painters, fabricators, laborers, and office workers) employed by Maxwell Trailers & Pick-Up Accessories, Inc. and/or Ironstar Beds LLC at any time from three

years before the date of the Court's conditional certification order through the date of judgment.

Plaintiffs identify and define the putative class for Count II, referred to as the "FLSA Retaliation Collective," as:

> All current and former hourly-paid, non-exempt workers (including but not limited to welders, finishers, painters, fabricators, laborers, and office workers) employed by Maxwell Trailers & Pick-Up Accessories, Inc. and/or Ironstar Beds LLC at any time from three years before the date of the Court's conditional certification order through the date of judgment who had their hours reduced to 40 or fewer in or around August or September of 2018 after Plaintiff Hampton began efforts to organize his coworkers to file a lawsuit.

Defendants oppose conditional certification, arguing that putative collective members are not similarly situated and that the putative collectives are impermissibly ill-defined, vague, and overbroad.  Defendants further argue that the retaliation claim is legally flawed and not viable as a representative action. Maxwell Trailer also maintains that it is not a joint employer with Ironstar and that none of the Plaintiffs or putative opt-in plaintiffs worked for Maxwell Trailer.

Upon consideration of the motion and in light of the lenient notice standard, the Court finds that Plaintiffs "have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate." *Bowman v. Doe Run Res. Corp.,* No. 4:13-CV-2519 CDP, 2014 WL 3579885, at *4 (E.D. Mo. July 21, 2014).  In support of their claim, Plaintiffs have presented Hampton's declaration indicating that during the period of employment, he

frequently worked more than 55 hours per week but never received one-and-one-half his straight-time pay rate ("overtime rate" or "overtime wages") for hours worked in excess of 40 hours per week ("overtime hours").  Rather, he was paid his straight-time rate for overtime hours.  Hampton averred that other hourly-paid employees of Defendants were also not paid lawful overtime wages.  Hampton also declared that in early August 2018, Defendants' owner told him to "squash" the lawsuit Hampton had begun planning and "make sure nothing happened." Hampton averred that subsequently, Defendants' manager told him that "until there was proof that [Hampton] was not going to pursue [his] overtime claims, [he] would only be allowed to work 40 hours per week," and that his hours were then cut to 40 per week.

Plaintiffs also presented the declarations of employees Leroy Riley, Keith Gentry, and Eddie Campbell, who averred that they were never paid an overtime rate for overtime hours they worked.  Additionally, Keith Gentry averred that after speaking with Hampton about and agreeing to join an FLSA lawsuit, all employees were informed they could no longer work overtime hours.  Gentry stated in his declaration that when he asked Defendants' manager why hours were cut, the manager told him it was "because of the lawsuit from [Hampton]."

As discussed below, Defendants' arguments opposing conditional certification do not prevail, though the Court does agree with some of Defendants'

contentions regarding the collectives' definitions and notice specifics.  As specified below, Plaintiffs will alter their notice and consent forms accordingly.

Maxwell Trailer

Defendants argue that Maxwell Trailer should not be included in either collective's definition, claiming that Plaintiffs have not offered substantial allegations supporting their claims against Maxwell Trailer.  Defendants offer a sworn declaration concerning Maxwell Trailer's business, locations, and employees to refute Plaintiffs' declarations that Maxwell Trailer employed hourly paid, exempt workers who were not paid a proper overtime premium and who were subject to retaliation.  Defendants also argue that Maxwell Trailer employees are subject to exemptions under the FLSA, defeating the "similarly situated" requirement.

"[C]ourts typically rely on a plaintiff's pleadings and affidavits to determine whether to grant conditional certification at the first stage of the proceedings." *Hussein v. Capital Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1193 (D. Minn. 2015) (citing *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164 (D. Minn. 2007).  "[A]t this initial stage, the court should not make credibility determinations or findings of fact with respect to contrary evidence presented by the parties."  *Perrin v. Papa John's Int'l, Inc.*, No. 4:09-CV-1335 AGF, 2011 WL 4089251, at *3 (E.D. Mo. Sept. 14, 2011).

Defendants' objections to Maxwell Trailer's inclusion in the collectives' definitions are premature. Plaintiffs have consistently alleged and averred that Maxwell Trailer and Ironstar share a facility and employees, and that these employees were not paid overtime wages and faced retaliation. Removing Maxwell from the definitions would require the Court to find Defendants' declarations more credible than Plaintiffs' and require a finding of fact as to FLSA exemptions. Such findings are not appropriate at the notice stage. Maxwell Trailer will remain in the collectives' definitions.

FLSA Overtime Collective

Defendants remaining arguments against the FLSA Overtime Collective are that (1) Plaintiffs have not put forth substantial allegations that the putative collective members are similarly situated and (2) the proposed FLSA Overtime Collective is ill-defined, vague, and overbroad.

Defendants argue that Plaintiffs have not demonstrated that members of the FLSA Overtime Collective are similarly situated, claiming that Plaintiffs have not presented substantial allegations that putative members had the same job requirements, performed the same type of work, or were subject to the same workplace policies.

"[T]o make substantial allegations that class members are similarly situated, a plaintiff need not show them to be '*identically* situated.'" *Perrin*, 2011 WL

4089251, at *3 (emphasis in original).  Plaintiffs' declarations satisfy the notice stage's low standard by alleging the putative class members all provide labor, have similar scheduling and time keeping activity, and all failed to receive a lawful overtime wage.

Defendants also argue that the FLSA Overtime Collective should not be conditionally certified because "it is not limited in any way to the actual allegations in Plaintiffs' Complaint and includes employees who never worked overtime at all."  The Court agrees to the extent that the Overtime Collective definition should be limited to those employees that were putative victims of Defendants' policy to not pay an overtime wage for overtime work.  To that end, the collective definition should include the requirement that a putative member worked more than 40 hours for Defendants in any workweek during the relevant time period.  Accordingly, the FLSA Overtime Collective shall be defined as:

> **All current and former hourly-paid, non-exempt workers (including but not limited to welders, finishers, painters, fabricators, laborers, and office workers) employed by Maxwell Trailers & Pick-Up Accessories, Inc. and/or Ironstar Beds LLC who worked more than 40 hours during any work week for Maxwell Trailers & Pick-Up Accessories, Inc. and/or Ironstar Beds LLC at any time from three years before the date of the Court's conditional certification order through the date of judgment.**

FLSA Retaliation Collective

Defendants' remaining complaints about the proposed FLSA Retaliation Collective are that (1) the Retaliation Collective is legally flawed in that Plaintiff does not allege that anyone other than Hampton engaged in "protected activity" under the FLSA, (2) the collective retaliation action is neither viable nor practicable, and (3) the definition is unclear.

Defendants' first argument, that Plaintiffs have not shown that the potential opt-in employees engaged in any protected activity as required for a *prima facie* FLSA retaliation claim, is not well taken.  Nor is Defendants argument that a collective retaliation action is neither viable nor practicable.[1]

The Court reiterates that merits of a claim are not reached at the notice stage, nor factual determinations made.  Plaintiffs need only provide substantial allegations that the proposed retaliation collective members were victims of a single decision, policy, or plan to violate their rights under the FLSA anti-retaliation provision.

To begin, the Court refers to its August 9, 2019 Opinion, Memorandum and Order denying Defendants' motion to dismiss Hampton's FLSA retaliation claim. In that Opinion, the Court found that Plaintiffs pleaded *prima facie* retaliation

---

[1] In support of their claim that "several courts have questioned the validity and/or viability" of collective retaliation actions, Defendants cite two motions to dismiss in which the District courts did not actually reach the issue of certification of an FLSA retaliation claim and did not elaborate on their misgivings regarding the viability of such collective claims.  *Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, 159-161 (E.D.N.Y. 2015); *Walz v. 44 & X Inc.*, No. 1:12-cv-05800, 2012 U.S. Dist. LEXIS 161382, at *14-15 (S.D.N.Y.  Nov. 7, 2012).

based on Hampton's allegations that he was organizing a lawsuit (engaged in protected activity), that Defendants spoke to Hampton asking him to cease his activity (employer notice and causal connection), and that Defendants then cut Hampton's hours by 27 to 43 percent (adverse action).

The Court finds no reason that the analysis applied in its earlier Opinion should not be extended to co-workers who agreed to join Hampton in his lawsuit before hours were cut.  Plaintiffs have consistently alleged and averred that co-workers agreed to join Hampton's efforts (protected activity) and that based on that activity, (notice and causal connection,) Defendants cut all overtime employees' hours (adverse action).  These are substantial allegations for conditional certification.

Defendants argue that inquiry into Defendants' actual notice of putative class members' protected activity is too individualized and fact-intensive for collective treatment.  Resolution of that argument necessarily implicates findings of fact and credibility and is not properly before the Court at the notice stage.

That said, the *prima facie* requirements of an FLSA retaliation claim must be met for each FLSA Retaliation Collective member.  Here, Plaintiffs' proposed definition includes no requirement of having engaged in a protected activity. Therefore, the collective definition should be limited to employees who agreed to participate in Hampton's lawsuit regarding overtime wages.

Finally, Defendants argue that the proposed FLSA Retaliation Collective definition is unclear for including an "uncertain and unknown" point in time when hours were allegedly cut ("in or around August or September 2018") and an ambiguous use of the word "hours."  The language "in or around August or September of 2018" need not be modified, especially given the further qualification regarding participation in Hampton's activities.  No clarification of the language "who had their hours reduced to 40 or fewer" is necessary – the phrase is clear given the context.  Accordingly, the FLSA Retaliation Collective shall be defined as:

> **All current and former hourly-paid, non-exempt workers (including but not limited to welders, finishers, painters, fabricators, laborers, and office workers) employed by Maxwell Trailers & Pick-Up Accessories, Inc. and/or Ironstar Beds LLC at any time from three years before the date of the Court's conditional certification order through the date of judgment who had their hours reduced to 40 or fewer in or around August or September of 2018 after agreeing to participate in Plaintiff Hampton's lawsuit regarding overtime wages.**

Notice to Class Members

**Methods**

Plaintiffs propose sending notice to potential opt-in plaintiffs via three methods – U.S. Mail, e-mail, and text message – plus one set of reminder notices sent via U.S. Mail and e-mail.  With their Motion, Plaintiffs included proposed notice and consent forms in PDF format [Doc. Nos. 35-1 and 35-2].  Defendants

object to Plaintiff's proposed methods of notice.  Defendants argue that the use of

three methods is not warranted and that one round of notice by U.S. Mail is

sufficient since Plaintiffs put forth no argument supporting the need for extra or

electronic methods.

"The Court finds little basis for imposing a presumption that notice by mail

should be the only approved method of providing notice absent a showing by the

plaintiffs that personal mailing would be unreliable." *Denney v. Lester's, LLC*, No.

4:12-CV-377 JCH, 2012 WL 3854466, at *4 (E.D. Mo. Sept. 5, 2012) (quoting

*Simmons v. Enterprise Holdings, Inc.,* No. 4:10-CV-625, 2011 WL 1304732, at *1

(E.D. Mo. Apr. 6, 2011) (internal quotation marks omitted)).  The better course is

to determine what constitutes fair and proper notice based on the facts of the case.

*Id.*

Here, it is reasonable to notice potential opt-in plaintiffs using not only

conventional mail but also electronic means.  "This has become a much more

mobile society with one's email address and cell phone number serving as the most

consistent and reliable method of communication."  *Irvine v. Destination Wild*

*Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015).  However, Plaintiffs

did not submit a plan or separate proposed notice for transmission via text

message.  The proposed notice is three pages typed, which is certainly too much

content to send via text message.  Plaintiffs have 10 days from the date of this

order to submit to the Court a plan and proposed notice for their text message communication.  Assuming the plan is reasonable and the content is fair (i.e. comports with this order,) the Court will approve it.

Plaintiffs have further requested the authority to send reminder postcards and emails 45 days after sending the initial notice.  The Court finds that additional notice is not necessary given its approval of the three methods for distributing the original notice.  *Id.* (finding that sending reminders in addition to multiple forms of original notice "may take on an element of harassment.").  Therefore, the Court approves one round of notice via regular mail, email and, subject to the Court's approval, text message.

**Content**

Defendants argue that the proposed notice should be modified to (1) add Defendants' position and defenses to Plaintiffs' claims; (2) clearly explain the distinct claims alleged in the action; (3) inform opt-in plaintiffs of their possibility liability for Defendants costs as well as the possible requirements of sitting for a deposition or testifying at trial; and (4) shorten the notice period from 90 days to 45-60 days.

First, the Court finds that inclusion of Defendants' legal position and defenses to Plaintiffs' claims is not warranted.  Indeed, "the court should not alter plaintiff's proposed notice unless certain changes are necessary." *Littlefield,* 679 F.

Supp. 2d at 1018 (citation omitted).  Here, Defendants do not propose language they would include in the notice, nor do they allege that the current notice unfairly frames Plaintiffs' allegations and claims.  Nothing in the notice's narrative is inaccurate or unfair.  Defendants' request is denied.

Second, the Court finds that some clarification as to which claim(s) an opt-in plaintiff consents to join is warranted.  As Plaintiffs offer in their reply memorandum, the Consent form can and shall be amended to include check boxes indicating which claim or claims an opt-in plaintiff wishes to join.  The Court does not agree with Defendants' contention that opt-in plaintiffs should have to choose whether they are bringing a claim against Maxwell Trailer or Ironstar.  Plaintiffs have 10 days from the date of this Order to submit revised notice and consent forms reflecting the changes to the collectives' definitions (see "FLSA Overtime Collective" and "FLSA Retaliation Collection" sections, *supra*) and adding check boxes to the consent form.

Third, Defendants argue that Plaintiffs' proposed notice fails to inform putative opt-in plaintiffs of a possible liability for Defendants' costs or requirement to sit for a deposition or testify at trial.  Plaintiffs' proposed notice states that an opt-in plaintiff may be required "to participate in discovery and/or provide testimony under oath."  Defendants' argument that the notice must instead include "sitting for a deposition or testifying at trial" is a fine distinction not warranting

change.  Defendants' request for language regarding liability for Defendants' costs is not well taken.  Judges in this district routinely hold that mentioning Defendants' costs could unfairly discourage opt-in plaintiffs from joining the litigation.  *See, e.g. Getchman v. Pyramid Consulting, Inc.*, No. 4:16-CV-1208 CDP, 2017 WL 713034, at *6 (E.D. Mo. Feb. 23, 2017); *Kumar v. Tech Mahindra (Americas) Inc.*, No. 4:16-CV-00905 JAR, 2017 WL 3168531 (E.D. Mo. July 26, 2017); *Cox v. Gordmans Stores, Inc.*, No. 4:16-CV-219 RLW, 2016 WL 6962508, at *4 (E.D. Mo. Nov. 28, 2016); *Littlefield*, 679 F. Supp. 2d at 1019.  Defendants' request to "properly inform putative opt-in plaintiffs of all their potential rights and obligations" is denied.

Finally, the Court agrees with Defendants that a 90-day notice period is not necessary.  *See e.g. Emily v. Raineri Constr., LLC*, No. 4:15-CV-282 RLW, 2015 WL 7429993, at *5 (E.D. Mo. Nov. 20, 2015) (reducing opt-in period from 90 to 60 days where Defendant was a local company and class was limited to hourly workers).  The opt-in period will be shortened to 60 days.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. §216(b) [Doc. No. 34] is **granted**.

**IT IS FURTHER ORDERED** that the Court conditionally certifies a class, called the "FLSA Overtime Collective," of all current and former hourly-paid, non-

exempt workers employed by Defendant who worked more than 40 hours in any week during the period of three (3) years prior to the date of this Order.

**IT IS FURTHER ORDERED** that the Court conditionally certifies a class, called the "FLSA Retaliation Collective," of all current and former hourly-paid, non-exempt workers employed by Defendant during the period of three (3) years prior to the date of this Order who had their hours reduced to 40 or fewer in or around August or September of 2018 after agreeing to participate in Plaintiff Hampton's lawsuit regarding overtime wages.

**IT IS FURTHER ORDERED** that Plaintiffs' Notice to "Potential Plaintiffs" [Doc. No. 35-1] and "Consent to Join Form" [Doc. No. 35-2] are not approved.  Within 10 days from the date of this Order, Plaintiffs are ordered to submit to the court Notice and Consent Forms that conform with this Order, as well as text message notice that conforms with this order.

**IT IS FURTHER ORDERED** that Defendants shall provide to Plaintiffs' counsel within 10 days from the date of this Order an electronic list containing the name, last known mailing address, last known telephone numbers, email address, and dates of employment for each putative member of the conditionally certified classes.

**IT IS FURTHER ORDERED** the parties will provide a status report to the court within 90 days of the date of this order and every 90 days thereafter.

Dated this 16th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE