UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROYAL HAMPTON et al., | ) |
|     Plaintiffs, | ) |
| v. | )    No. 2:18-cv-110-HEA |
| MAXWELL TRAILERS & PICK-UP ACCESSORIES, INC., et al. | ) |
|     Defendants. | ) |

## ORDER AND JUDGMENT

This matter has been submitted to the Court for approval and entry of a Final Order and Judgment approving the settlement of FLSA claims and other related claims in this case and approving an award of Plaintiffs' attorneys' fees and expenses. The Court having considered the papers filed and proceedings herein, having received no objections to approval of the Settlement, and otherwise being fully informed and good cause appearing therefore, finds and orders as follows:

    1.    The Court grants final approval of the Settlement Agreement based on the Court's findings that (a) the Settlement Agreement was entered into in good faith as a fair and reasonable resolution of a bona fide dispute under the FLSA and MMWL in the best interest of the parties and the Plaintiffs; (b) the attorneys' fees and costs allocated to Plaintiffs' counsel are fair, reasonable and appropriate; and (c) the parties have satisfied the standards and applicable requirements for final approval of the FLSA settlement.

    2.    The Court finds that the Settlement was reached as a result of non-collusive arm's length negotiations. In granting final approval of the FLSA settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement thereof, the allocation

1

of settlement proceeds, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.  Additionally, the Court finds that the terms of the settlement have no obvious deficiencies.  Accordingly, the Court finds that the Settlement Agreement was entered into in good faith as a fair and reasonable resolution of a bona fide dispute under the FLSA.

3. The allocation of attorneys' fees and costs to Plaintiffs' counsel as set forth in the Settlement Agreement is approved, falling within the range of reasonableness.

4. The Court dismisses this case with prejudice.  Except as otherwise contained within the terms of the Settlement Agreement, each party is to bear their own costs and expenses associated with the lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Approval of the Settlement Agreement is **GRANTED**.

**IT IS FURTHER ORDERED** this case is **DISMISSED** with prejudice.

Dated this 6th day of May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE